# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-0939V

| | |
|---|---|
| ES MAE ROSE,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: October 22, 2024 |

*Eric J. Neiman, Epstein Becker & Green, P.C., Portland, OR,* for Petitioner.

*Nina Ren, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On February 17, 2021, Es Mae Rose filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged she developed a right-sided shoulder injury related to vaccine administration from the influenza vaccination she received on September 27, 2018. Petition, ECF No. 1. On February 16, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 47.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $75,911.67 (representing $74,847.50 in fees plus $1,064.17 in costs). Application for Attorney's Fees and Costs ("Motion") filed May 2, 2024. ECF No. 53. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses.

Respondent reacted to the motion on May 2, 2024, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 56. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests hourly rates for attorneys and paralegals that performed work in this matter as follows:

|  | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|
| Eric Neiman, Esq. | $500 | $500 | $500 | $500 | $500 |
| Rachael Gray, Esq. | $350 | $350 | $350 | $350 | $350 |
| Paralegals | $225 | $225 | $225 | $225 | $225 |
| Case Assistant | $90 | $90 | $90 | $90 | $90 |

These rates require adjustment. Mr. Neiman was previously awarded the *lesser* rate of $425 for his time billed in the 2020. See *Carpenter v. Sec'y of Health & Hum. Servs.,* No. 21-2192V, Slip. Op 46 (Fed. Cl. Spec. Mstr. December 5, 2023). Additionally, Mr. Neiman was recently awarded the rates of $470 for 2021 and $485 for 2022. See *Botti v. Sec'y of Health & Hum. Servs.,* No. 21-2256V, Slip. Op 61 (Fed. Cl. Spec. Mstr. July 31, 2024). I find no reason to deviate from such reasoned determinations and hereby reduce Mr. Neiman's rates to be consistent with the aforementioned decisions. **This reduces the amount of fees to be awarded herein by $153.00.**[3] However, I hereby award Mr. Neiman his requested rate of $500 for his time billed in the 2023-24 timeframe to be consistent with *Botti.*

Furthermore, Petitioner represents that Ms. Rachael Gray has been a practicing attorney for more than one year (ECF No. 54 at 3), placing her in the range of attorneys with less than four years' experience based on the OSM Fee Schedules.[4] Accordingly, her requested rate of $350 for the 2020-24 period exceeds the Program's published ranges for comparably experienced attorneys. Thus, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, **I hereby award Ms. Gray the following hourly rates: $200 for all time billed in the 2020-21 period, $210 for time billed in the 2022-2023 period, and $300 for time billed in 2024, to be consistent with what she was awarded in *Botti.*** Application of the foregoing further reduces the amount of fees to be awarded herein by **$13,867.00**.[5]

---

[3] This amount is calculated as: ($500 – $425 = $75 x 0.60 hrs.) + ($500 - $470 = $30 x 2.30 hrs.) + ($500 - $485 = $15 x 2.60 hrs.) = $153.00.

[4] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: http://www.cofc.uscourts.gov/node/2914.

[5] This amount is calculated as: ($350 - $210 = $140 x 90.80 hrs. = $12,712.00) + ($350 - $300 = $50 x 23.10 hrs. = $1,155.00) = $13,867.00

3

Finally, the hourly rate of $225 requested for paralegal work performed between 2020-2024 exceeds the Vaccine Program's published ranges for said years. Accordingly, I hereby find it reasonable to award the following hourly rates for all paralegal work performed in this matter: $160 for time billed in 2020-2021, $170 for time billed in 2022, $180 for time billed in 2023, and $190 for time billed in 2024. **Application of the foregoing further reduces the amount of fees to be awarded by $5,283.50**.[6]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 54-1 at 25-488. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $56,608.17 (representing $55,544.00 in fees plus $1,064.17 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Eric J. Neiman.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] This amount is calculated as: ($225 - $160 = $40 x 86.90 hrs. = $3,476.00) + ($225 - $170 = $55 x 29.30 hrs. = $1,611.50) + ($225 - $180 = $45 x 3.5 hrs. = $157.50) + ($225 - $190 = $35 x 1.1 hrs. $38.50) = $5,283.50.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.